## INHABITANTS OF BREWER *versus* INHABITANTS OF EAST MACHIAS.

In an action by one town against another, where the declaration originally contained merely a count in *indebitatus* assumpsit, on an account annexed to the writ for supplies furnished an individual named and his family, an amendment may be made, by permission of the presiding Judge, by alleging specially, in a new count, such facts as would show a liability of the defendants for the same under the provisions of Rev. Stat. c. 32, entitled " of paupers, their settlement, and support."

If a father, having a legal settlement in a town, removes therefrom, leaving there a legitimate minor son, who remains there until he is of full age, such son will not thereby become emancipated, or acquire a settlement in that town during the time, in his own right.

In the trial of actions between towns wherein the settlement of paupers is the subject of controversy, it is not necessary to prove by the best evidence, the record, that the persons acting as overseers of the poor, were legally chosen and qualified. It is sufficient to show, that they acted as such.

*Brewer v. East Machias.*

When persons, having settlements in other towns, fall into distress and stand in need of immediate relief, the overseers of the poor are not under the necessity of inquiring or considering, whether such persons have or have not property, for any other purpose than to enable them to determine, whether they have actually fallen into distress, and are in need of immediate relief. It is the design of the law, that relief should be afforded to those found in that condition; and if they have property, the amount expended for their relief, may be recovered of them, by the towns in which they may have a legal settlement.

In the determination of a question presented by bill of exceptions, the court can consider only the testimony stated in the exceptions.

THIS case came before this Court, on the following exceptions to the decisions of ALLEN, Eastern District Judge.

This was an action originally brought before a justice of the peace, and tried, on an appeal in the district court, on an account annexed to plaintiff's writ, of which the following is a copy.

" Inhabitants of town of East Machias.

                " To inhabitants of town of Brewer, Dr.

" 1843.   For supplies furnished Levi Huntley and family, as follows : —

| | | | | |
|---|---|---|---|---|
| " Dec. | 16, paid E. H. & S. A. Burr's bill, | $3,65 | | |
| " | 22, "    same     " | ,71 | | |
| " | 25, "    same     " | 3,33 | | |
| | | | 7,69 | |
| " 1844, March 6,   "  I. Chamberlain, Jr.'s " | | 5,22 | | |
| paid Dr. H. N. Page's bill, (med. serv.)   " | | 2,25 | | |
| | | | 7,47 | |
| | | | 15,16 | |
| " Interest on same, | | | 2,00 | |
| | | | 17,16 " | |

The writ contained no other count. A trial was had before the justice, and judgment rendered for the defendants, from which judgment the plaintiffs appealed to the district court, and entered their appeal at the February term, 1846. At the September term following, the plaintiffs' attorney moved for leave to amend, by adding the following count to the declaration. " Also for that whereas one Levi Huntley, on the twenty-fifth

day of December, in the year eighteen hundred and forty-three, had fallen into distress within the said town of Brewer, the plaintiffs then and there furnished, provided and laid out and expended the various articles and sums of money contained in the account annexed to the writ, for the relief and comfort of the said Levi Huntley; and the plaintiffs aver, that at the said time, the said Levi had his lawful settlement within the town of East Machias; that the said Levi, at said time, had fallen into distress within the said town of Brewer, and then and there stood in need of immediate relief; and that the said articles and sums of money, specified in the said account, were then and there necessary for the immediate relief and comfort of the said Levi; of which said several premises, the inhabitants of the town of East Machias, within three months next after the said articles and sums of money were so furnished, provided and laid out, and expended as aforesaid, had notice; whereby the said inhabitants of the town of East Machias, became liable, and in consideration thereof, then and there promised the plaintiffs, to pay them the same sum on demand." This motion was resisted by the defendants, but was sustained by the Court, and the amendment accordingly made. Whereupon the case proceeded to trial. The plaintiffs introduced evidence tending to show, that one Levi Huntley, alleged to have been a pauper and to have had his settlement in East Machias, fell into distress in Brewer, on the 10th of December, 1843, and was relieved by certain individuals alleged to have been overseers of the poor, in the town of Brewer. There was evidence that said individuals, acting as overseers of the poor, furnished relief to the alleged pauper, but there was no evidence of their election or qualification as overseers. After an examination of all the testimony on both sides, the defendant's counsel requested the Court to give the jury the following instructions.

1. That in order for a person to gain a legal settlement in any town by a residence of five years, it is necessary to prove that he lived and had his home in that town during five con-

tinuous years, without receiving any aid or supplies as a pauper from any town during that time.

2. That when the father of a minor child relinquishes his authority over him, and does not provide for his support; but by his consent the minor ceases to live in his father's family, resides in another town, makes his own contracts and receives his own earnings, he thereby becomes emancipated, and while so emancipated, may gain a legal settlement in his own right by five years continued residence in one town.

3. That if the father of the pauper had a legal settlement in Cutler, at the time he removed from that place to East Machias ; and the pauper there being a minor, continued to reside in Cutler, and to make that his home, that place would be the place of his legal settlement.

4. That the jury should gather the intentions of the pauper, as to change of domicil and the place of his home, from his declarations and his acts all taken in connection.

5. That if the pauper dwelt and had his home in Cutler on the 26th day of January, 1826, at the time that town was incorporated; and had resided there for five continuous years, immediately preceding that time, he thereby gained a legal settlement in that town.   Or if he resided in Cutler at the time of the incorporation of the town, but had resided there for a period less than five years, he would gain a legal settlement there by continuing to reside there till the five years were completed.

6. That a legal settlement once gained, continues till another legal settlement is acquired elsewhere.

7. That it is incumbent on the plaintiffs to prove, that the pauper had a legal settlement in East Machias, that he fell into distress in Brewer, that the overseers of the poor of that town furnished him with relief, and that the persons, who acted in that capacity, were legally chosen and qualified to act ; and that such election and qualification must be proved by record evidence.

8. That if they shall find, that Levi Huntley, at the time he was so furnished with supplies, had property by which he could

relieve himself, or that the overseers of the poor of Brewer had funds of his in their hands to the amount of the supplies furnished, he could not have been a pauper within the meaning of the law.

No objection was made to the mode of proof, that certain persons were overseers in Brewer, until the evidence was all put in.

The Court gave the instructions requested in the 1st, 2d, 4th, 5th and 6th requests, but withheld those of the 3d; and as to the third request, instructed the jury, that a term of minority, under the circumstances stated in said request, was of no legal effect on the question of his settlement; and as to the 7th request, the Court gave all of it, except that the evidence of the election and qualification of the overseers, under the circumstances of the case, need not be record evidence. As to the 8th request, he stated to the jury, that if the said Huntley was in immediate necessity of relief, that he was a pauper, although they might believe that he had purchased a lot of land which had been partially paid for, and built a house on it, or had other property of which he could not avail himself to relieve his distress. The last clause of said request was withheld, there being no evidence that any overseer had money or available funds belonging to the pauper. The jury thereupon returned a verdict for the plaintiffs. To which several rulings, opinions and directions of the Court the defendants allege exceptions, &c.

The case was fully argued by

*J. A. Lowell* and *S. H. Lowell,* for the defendants; and by

*Hobbs* and *C. E. Pike,* for the plaintiffs.

The opinion of the Court was prepared by

SHEPLEY J. — The original declaration contained only a count on an account annexed " for supplies furnished Levi Huntley and family." The items of the account were then stated. An amendment was permitted in the district court, stating in a new count such facts, as would render the defend-

ants liable to pay the expenses incurred for the support of Huntley and family, as paupers having their legal settlement in the town of East Machias.

1. It is insisted, that this amendment introduced a new cause of action, and that it ought not therefore to have been permitted.

No other or different items were claimed by the amended, than by the original declaration. The cause of action was the supplies furnished to Huntley and family, as exhibited in each count. The plaintiffs claimed to recover for the same items and cause of action in the second count, and to do it upon different principles and rules of law, than those, which could have been applicable to the first count. Amendments of this description have often been permitted. When a plaintiff has declared upon a sale and delivery of goods, he has been permitted to amend by charging the defendant for the same goods as received, to be sold on commission. *Selden* v. *Beale*, 3 Greenl. 178; *Ball* v. *Claflin*, 5 Pick. 303. When he had declared against the defendant as a joint promisor, he was permitted to amend by declaring against him as a guarantor. *Jenney* v. *Pierce*, 4 Pick. 385.

2. It is insisted, that the instructions contained in the third written request ought to have been given.

The substance of the position is, that a father having a legal settlement in a town and removing therefrom and leaving there a minor son, who remains there until he is of full age, thereby emancipates the son, who will acquire a legal settlement of his own. Such a position cannot be sustained. The statute provides, that legitimate children shall follow and have the settlement of their father, if he have any within the State, until they gain one of their own. They cannot gain one of their own, while minors, unless they have been emancipated. Certain facts were alleged in argument to show, that the minor had been emancipated. The bill of exceptions, however, does not exhibit any testimony to prove it; and the Court can consider only the testimony therein stated.

3. It is further insisted, that the election and qualification

of the overseers of the poor, who furnished the supplies, could be proved only by record, as asserted in the latter clause of the seventh written request. Another clause in that request alleges, that it was incumbent on the plaintiffs to prove, that the persons, who acted in that capacity, were legally chosen and qualified. Had it been necessary to prove, that they had been legally chosen and qualified, the best evidence of the choice being the record, it should have been produced. But the plaintiffs were not required to prove that fact. It might be inferred from proof, that they had acted in that capacity. The decided cases are collected in notes under sections 83 and 92, in Mr. Greenleaf's treatise on evidence.

4. It is further insisted, that the Court erred in refusing to comply with the eighth written request, and in the instructions which were given in relation to property owned by Huntley.

The statute c. 32, § 29, requires overseers of the poor to provide immediate comfort and relief for persons having legal settlement in other towns, when they shall fall into distress and stand in need of immediate relief. They are not required to inquire or consider, whether such persons have or have not property for any other purpose, than to enable them to determine, whether they have fallen into distress and are in need of immediate relief. Persons may be found in that condition, who have property. And it is the design of the law that relief should be afforded to those found in that condition ; and if they have property, the amount expended for their relief may be recovered of them by the towns, in which they may have a legal settlement.

When there is no testimony in the case, to which requested instructions can be applied, they are properly refused.

*Exceptions overruled.*